1

2

3

4

5

6          UNITED STATES BANKRUPTCY COURT

7          NORTHERN DISTRICT OF CALIFORNIA

8    In re

9    EDWARD CHARLES POWERS,                                    No. 10-14557

10                              Debtor(s).
     _____/

11

12                     Memorandum re Chapter 12 Eligibility
                          _____

13          Chapter 12 Debtor Edward Charles Powers is the owner of forested real property from which

14   timber is cut and sold.  Creditor Richard Yaski moved to dismiss this case arguing that  Powers is not

15   eligible for relief under Chapter 12, arguing that Powers does not  meet the income requirements

16   discussed below.  The court agrees.

17          Pursuant to  § 109(f) of the  Bankruptcy Code, only a family farmer with regular annual income

18   may be a debtor under chapter 12.  "Family farmer" is defined in  § 101(18)(B) as  an individual or

19   individual and spouse engaged in a farming operation with limited aggregate debts, not less than 50%

20   of whose aggregate noncontingent, liquidated debts arise out of a farming operation owned or operated

21   by such individual or couple, and such individual or couple receive from such farming operation more

22   than 50% of the individual's or couple's gross income for either the taxable year preceding, or each of

23   the second and third taxable years preceding the taxable year in which the case was filed.   The party

24   filing a petition under Chapter 12 bears the burden of proving eligibility. *In re Tim Wargo & Sons,*

25   *Inc.*, 869 F.2d 1128, 1130 (8th Cir. Ark. 1989).

26          In order for Powers to establish eligibility for Chapter 12, he must show either that his 2009

                                          1

gross income was derived at least 50% from farming operations ( § 101(18)(A)(i)), or that at least 50% of his gross income for each of 2007 and 2008 was from farming operations ( § 101(18)(A)(ii)). Powers has not met this requirement.

In 2009, Powers had income of $180,955.00, consisting of $17,955.00 from equipment rental, $3,00.00 from sale of equipment, and $160,000.00 from the sale of land in Missouri. To qualify for Chapter 12 relief, at least $90,478.00 of the Power's income, or $94,529.00 of the combined income of Powers and his wife, would need to be derived from farming operations.

The term "farming operation" is defined in § 101(21). While it is not exclusive definition, Powers has failed to show that the sale of the Missouri land constitutes income from farming operation. Farming operations are generally held to be those activities that subject the debtor to the risks traditionally associated with farming. The sale of land is not generally considered to be farm income unless it is shown to be an inherent part of active farming. *In re Ross,* 270 B.R. 710, 713 (Bkrtcy.S.D.Ill 2001); Cf. *In re Bircher*, 241 B.R. 11, 15–16 (Bankr.S.D.Iowa 1999) (proceeds from land sold to enable debtors to continue farming constituted farm income); *In re Van Fossan*, 82 B.R. 77, 81 (Bankr.W.D.Ark.1987) (proceeds from land that was held only for speculation did not constitute farm income). See also *Armstrong v. Corn Belt Bank (In re Armstrong)*, 812 F.2d 1024 , 1027 (7th Cir. 1986). Notably, the *Armstrong* court stated that were a farmer sells some of his machinery in an effort to scale down his operation (say from 200-100 acres) and save the farm, the money received is income from farming. However, income from renting a portion of his land is not considered a farming operation because the debtor bore none of the traditional risks associated with farming. *Id.*

Here, $160,000 of Powers' income from 2009 was for the sale of the Missouri land he inherited from his mother. He does not allege that he farmed the land or otherwise incurred any risk traditionally associated with farming. In fact, he testified that he sold the land because he could not efficiently manage it from such a great distance. Similar to the *Armstrong* farmer renting a portion of land for a no-risk, up front fee, here Powers bore no risk with the land. Additionally, he did not sell the land in an effort to continue any farming operation that may have been associated with it.

2

1   Accordingly, the $160,000 is not income from a farming operation.

2         In 2007, eighty percent of Powers' $1 million income was from the sale of land.  As with the

3   sale of land in 2009, there is no showing that he sold the land in order to save or continue the

4   operations conducted on the remaining farm.  He did not replant trees on the remaining land, nor did

5   he continue to engage in the cyclical risks inherent to farming as discussed in *Armstrong*.  See also *In*

6   *re Sugar Pine Ranch*, 100 B.R. 28 (Bankr. D. Or. 1989).  Accordingly, the $800,000.00 proceeds from

7   the sale of land is not income derived from farming operations.

8         From all the evidence presented, the court finds that Powers is not a family farmer.  His

9   occasional sales of timber on land acquired for other purposes does not make him so.  The motion to

10  dismiss will accordingly be granted unless Powers seeks conversion to another chapter before an order

11  is entered.  Counsel for Yaski shall submit an appropriate form of order.

12

13        Dated:  August 12, 2011

14

15

16                                              Alan Jaroslovsky
                                                U.S. Bankruptcy Judge
17

18

19

20

21

22

23

24

25

26

3